## LORRAINE PETREE v. STATE.

No. A-9683. May 29, 1940.
(103 P. 2d 107.)

Baker H. Melone, of El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and S. T. Roberson, Co. Atty., of El Reno, for the State.

BAREFOOT, J. Defendant, Lorraine Petree, was charged in the county court of Canadian county with the crime of the unlawful possession of intoxicating liquor; was tried, convicted and sentenced by the court to pay a fine of $100 and to serve a term of 30 days in the county jail, and has appealed.

These charges resulted from the execution of a search warrant by certain officers in Canadian county, on the 7th day of October, 1938, upon the premises and home of the defendant, Lorraine Petree, who lived in the town of Calumet, Canadian county. The result of the search was that 109 pints of bonded, tax-paid whisky and gin were found by the officers in a partition in one of the closets, and the whole side section of the wall came out. Defendant and his wife were present at the time of the search. He was arrested and the whisky and gin were taken by the officers to the office of the sheriff of Canadian county,

John Harrison, and turned over to the county jailer, Dan Hahn, who in a short while turned it over to Sheriff Harrison, and he and other deputies placed the same in the vault prepared and used for the purpose of storing confiscated liquors. The sheriff was the only party holding a key to this vault. All of this liquor was labeled and kept in the vault until just prior to Sheriff Harrison going out of office in January, 1939; at which time he, under order of the court, destroyed the greater portion of the same. Part of the whisky was retained in the vault for the purpose of evidence, and this amount consisted of one package, which was turned over to Sheriff Jack Smith, his successor in office. Certain written marks, the nature of which was not revealed by the record, were placed upon the package or bottles by Sheriff Harrison before it was turned over to Sheriff Smith.

The whisky was introduced in evidence before the jury, and a bottle of it opened so that they could examine the same, and while it had not been tasted by the officers, they described it, and testified that it was in bottles, and that it was labeled whisky and gin.

Defendant, in his brief, says:

"The action of the trial court in overruling the motion to suppress evidence and the objection to the introduction of evidence was assigned as error, but by reason of recent decisions of this court the defendant hereby abandons assignments of error No. I and II. * * *"

It is the contention of the defendant that the evidence was insufficient to identify the whisky, and for this reason the court erred in failing to sustain a demurrer to the evidence. In view of the above statement of the evidence it is unnecessary to answer this contention. To our mind the evidence fully warranted the court in submitting the case to the jury.

The defendant did not take the witness stand, and did not offer any evidence.

We have carefully examined the record and do not find that any evidence was offered which was incompetent, irrelevant, and immaterial.

We have also examined the instructions, and they fully and fairly presented the law as applied to the facts.

It is our opinion that the judgment of the county court of Canadian county should be affirmed, and it is so ordered.

DOYLE, P. J., and JONES, J., concur.